IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>STAFFORD LOGISTICS, INC. d/b/a CUSTOM ECOLOGY and CUSTOM ECOLOGY, INC.,<br><br>        Defendants. | Civil Action No.: 1:21-cv-04786-MLB |

## COMPLAINT

Plaintiff, Starr Indemnity & Liability Company, brings this Complaint against the above-named Defendants, and in support thereof states the following:

## JURISDICTION AND VENUE

1. Starr Indemnity is a property and casualty insurance company incorporated in the State of Texas.

2. Starr Indemnity maintains its main administrative office at 399 Park Avenue, New York, New York.

3. Starr Indemnity is authorized to do business, and does business, in the State of Georgia.

4. For diversity purposes, Starr Indemnity is a citizen of Texas and New York.

5. Defendant Stafford Logistics, Inc. d/b/a Custom Ecology is a corporation duly organized and existing under the law of the State of Delaware.

6. Defendant Stafford maintains its headquarters and principal place of business at 6375 Discovery Boulevard, Mableton, Georgia.

7. Defendant Stafford is not registered as an authorized foreign corporation in Georgia pursuant to §14-2-1501, *et seq.* of the Georgia general statutes.

8. For diversity purpose, Defendant Stafford is a citizen of Delaware and Georgia.

9. Defendant Custom Ecology, Inc. is a corporation duly organized and existing under the law of the State of Delaware.

10. Defendant Custom maintains its headquarters and principal place of business at 6375 Discovery Boulevard, Mableton, Georgia.

11. Defendant Custom is not registered as an authorized foreign corporation in Georgia pursuant to §14-2-1501, *et seq.* of the Georgia general statutes.

12. For diversity purpose, Defendant Custom is a citizen of Delaware and Georgia.

13. The amount in controversy between the parties is in excess of Seventy-Five Thousand ($75,000.00) Dollars.

14. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

15. At the specific instance and request of Defendants, Starr Indemnity issued a commercial automobile insurance policy, under policy number 1000072605, which covered the term December 31, 2015 to December 31, 2016 (the "2015 Policy").

16. At the specific instance and request of Defendants, the 2015 Policy renewed for the term December 31, 2016 to December 31, 2017 (the "2016 Policy").

17. At the specific instance and request of Defendants, the 2016 Policy renewed for the term December 31, 2017 to December 31, 2018 (the "2017 Policy").

18. At the specific instance and request of Defendants, the 2017 Policy renewed for the term December 31, 2018 to December 31, 2019 (the "2018 Policy" and, together with the 2015 Policy, 2016 Policy, and 2017 Policy, the "Policies").

19. The Policies are insurance contracts which provides insurance coverage for certain liabilities of Defendants as set forth therein in exchange for payment of premiums.

## 2015 Policy

20. Pursuant to the terms of the 2015 Policy, Defendants have certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage thereunder.

21. The 2015 Policy has a liability deductible of One Hundred Thousand Dollars ($100,000.00) per accident.

22. Pursuant to the terms of the 2015 Policy, "[t]o settle and claim or 'suit', [Starr Indemnity] may pay all or any part of any deductible shown in the Schedule. If this happens, [Defendants] must reimburse [Starr Indemnity] for the deductible or part of the deductible [Starr Indemnity] paid."

23. Claims were filed that were covered under the 2015 Policy.

24. As a result of the claims, Defendants owed deductibles to Starr Indemnity.

25. As of the date of this Complaint, Defendants overpaid the deductibles under the 2015 Policy and are due a credit in the amount of $38,427.53.

## 2016 Policy

26. Pursuant to the terms of the 2016 Policy, Defendants have certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage thereunder.

27. The 2016 Policy has a liability deductible of Two Hundred Fifty Thousand Dollars ($250,000.00) per accident.

28. Pursuant to the terms of the 2016 Policy, "[Starr Indemnity] will pay all sums that we become obligated to pay up to our Limit of Insurance under the policy to which this endorsement applies."

29. The 2016 Policy requires Defendants to "reimburse [Starr Indemnity] up to the Deductible Limit(s) shown in the Schedule for any amounts [Starr Indemnity] paid as damages, benefits or Medical Payments."

30. The 2016 Policy also requires Defendants "to reimburse [Starr Indemnity] for all 'Allocated Loss Adjustment Expense' [Starr Indemnity] pays as Supplementary Payments . . . up to the deductible limit."

31. Claims were filed that were covered under the 2016 Policy.

32. As a result of the claims, Defendants owe deductibles to Starr Indemnity.

33. Starr Indemnity billed Defendants for the deductibles owed under the 2016 Policy, but Defendants have failed and refused to pay the deductibles.

34. As of the date of this Complaint, Defendants owe $519,573.22 for deductibles under the 2016 Policy.

## 2017 Policy

35. Pursuant to the terms of the 2017 Policy, Defendants have certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage thereunder.

36. The 2017 Policy has a liability deductible of Two Hundred Fifty Thousand Dollars ($250,000.00) per accident.

37. Pursuant to the terms of the 2017 Policy, "[Starr Indemnity] will pay all sums that we become obligated to pay up to our Limit of Insurance under the policy to which this endorsement applies."

38. The 2017 Policy requires Defendants to "reimburse [Starr Indemnity] up to the Deductible Limit(s) shown in the Schedule for any amounts [Starr Indemnity] paid as damages, benefits or Medical Payments."

39. The 2017 Policy also requires Defendants "to reimburse [Starr Indemnity] for all 'Allocated Loss Adjustment Expense' [Starr Indemnity] pays as Supplementary Payments . . . up to the deductible limit."

40. Claims were filed that were covered under the 2017 Policy.

41. As a result of the claims, Defendants owe deductibles to Starr Indemnity.

42. Starr Indemnity billed Defendants for the deductibles owed under the 2017 Policy, but Defendants have failed and refused to pay the deductibles.

43. As of the date of this Complaint, Defendants owe $940,305.55 for deductibles under the 2017 Policy.

**2018 Policy**

44. The initial premium for the 2018 Policy period was based on information submitted by Defendants and/or their insurance broker regarding the

number of "Autos" (as defined in the Policy) held by the Defendants at policy inception.

45. The 2018 Policy was subject to audit to determine the final premium.

46. Pursuant to the terms of the 2018 Policy, the final premium is calculated as follows: ((total number of "Autos" (as defined in the Policy) held by Defendants at policy inception + total number of Autos held by Defendants at policy termination) / 2) * $9,025.00.

47. The audit can result in additional premiums due from Defendants or return premiums due back to the Defendants.

48. Starr Indemnity performed an audit of Defendants' books and records for the period covered by the 2018 Policy.

49. The sum total of premiums, including the audit premiums, for the 2018 Policy was $5,427,402.70.

50. At policy inception Defendants remitted $5,707,431.09 for premiums for the 2018 Policy.

51. Defendants, therefore, are entitled to a credit in the total amount of $281,028.39 for the premium due under the 2018 Policy.

## COUNT ONE
**Breach of Contract**

52. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

53. After application of the credits due to Defendants under the 2015 Policy and 2018 Policy, Defendants owe Starr Indemnity $1,140,422.85 for deductibles.

54. Starr Indemnity, on numerous occasions prior to filing the instant litigation, demanded payment of $1,140,422.85 owed by Defendants.

55. Defendants have failed and refused to pay the deductibles due under the Policies.

56. Through its failure to reimburse Starr Indemnity, Defendants have breached the insurance contracts between the parties.

57. By reason of the foregoing, Starr Indemnity has sustained damages of $1,140,422.85, plus interest, and costs.

**WHEREFORE**, Starr Indemnity demands judgment against Defendant in the amount of $1,140,422.85 for compensatory damages, together with costs of suit, interest, and such other relief as this Court deems just and proper.

### COUNT TWO
### Unjust Enrichment

58. Plaintiff incorporates by reference paragraphs 1 through 51, as if fully set forth herein.

59. Starr Indemnity provided insurance coverage and related services to Defendants for which Defendants have refused to pay.

60. Defendants, through their refusal to pay for the insurance coverage and related services, has been unjustly enriched at Starr Indemnity's detriment.

61. Defendants have failed, refused, and continue to refuse to pay the balance due and owing to Starr Indemnity, thereby resulting in damages to Starr Indemnity in the amount of $1,140,422.85, plus interest, and costs.

## COUNT THREE
### Attorney's Fees and Expenses of Litigation

62. Plaintiff incorporates by reference paragraphs 1 through 61, as if fully set forth herein.

63. Defendants have acted in bad faith, been stubbornly litigious, and caused unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

64. Defendants are liable to Plaintiffs for their attorneys' fees and expenses of litigation in an amount to be proven at trial.

**WHEREFORE**, Starr Indemnity demands judgment against Defendant in the amount of $1,140,422.85 for compensatory damages, together with costs of suit, interest, and such other relief as this Court deems just and proper.

**TRIAL BY JURY IS DEMANDED FOR ALL COUNTS ABOVE.**

This 19th day of November 2021.

*(signature on next page)*

| | |
|---|---|
| **WOOD, SMITH, HENNING & BERMAN LLP**<br>1230 Peachtree Street, Suite 925<br>Atlanta, Georgia 30309<br>Telephone:  470-552-1152<br>Fax:  470-552-1151<br>cmccaffrey@wshblaw.com<br>swesley@wshblaw.com<br>slytle@wshblaw.com | */s/ Colleen V. McCaffrey*<br>Colleen V. McCaffrey<br>Georgia Bar No. 463183<br>Samuel Z. Wesley<br>Georgia Bar No. 665076<br><br>*Counsel for Plaintiff,*<br>*Starr Indemnity & Liability Company* |